# EXHIBIT 1

## MARIHUANA ESTABLISHMENTS

## XX.01 LEGISLATIVE INTENT AND DEFINITIONS

The city intends to issue permits for and regulate marijuana facilities and marijuana establishments to the extent they are permitted under the Michigan Medical Marihuana Facilities Licensing Act and the Michigan Regulation and Taxation of Marihuana Act. The city does not intend that permitting and regulation under this chapter be construed as a finding that such facilities comply with any law. By requiring a permit and compliance with the requirements of this chapter, the city intends to protect the public health, safety and welfare.

Words and phrases contained in the Michigan Medical Marihuana Facilities Licensing Act, MCL 33327101 et seq., the Medical Marihuana Act, MCL 333.26421 et seq., the Michigan Regulation and Taxation of Marihuana Act, MCL 333.27951 et seq. (collectively hereafter, the "Act"), and the rules or emergency rules promulgated pursuant to any of these acts, shall have the same meanings in this chapter.

For purposes of the requirements for obtaining a permit under this chapter, the terms "facility" and "marihuana facility" are intended to include both a "marihuana facility" as defined in the MMFLA and a "marihuana establishment" as defined in the MRTMA.

"City Council" shall mean the City of Menominee City Council.

"City Clerk" shall mean the City of Menominee Clerk.

"City Manager" shall mean the City Manager of the City of Menominee.

"Designated consumption establishment" means a commercial space licensed by the state to permit adults 21 years of age and older to consume marijuana products at the location indicated in the license.

"Facility" means a "marihuana facility" as defined in the MMFLA and a "marihuana establishment" as defined in the MRTMA.

"Grower" means a person who cultivates and sells marijuana to other facilities, as permitted by the MMFLA and the MRTMA, which includes all of the following:

Class A grower, which is a maximum of 500 plants under the MMFLA and 100 plants under the MRTMA.

Class B grower, which is a maximum of 1,000 plants under the MMFLA and 500 plants under the MRTMA.

Class C grower, which is a maximum of 1,500 plants under the MMFLA and 2,000 plants under the MRTMA.

"LARA" shall mean the Michigan Department of Licensing and Regulatory Affairs.

"Marijuana means" marihuana as defined in the MMFLA and as defined in the MRTMA.

"Marijuana event organizer" means a person licensed to apply for a temporary marihuana event license under these rules.

"Medical Marihuana Facilities Licensing Act or MMFLA" means the Michigan Medical Marihuana Facilities Licensing Act, MCL 333.27101 et seq., and the rules or emergency rules promulgated pursuant to the MMFLA.

"Michigan Medical Marihuana Act or MMMA" means the Michigan Medical Marihuana Act, MCL 333.26421 et seq., and the rules or emergency rules promulgated pursuant to the MMMA.

"Michigan Regulation and Taxation of Marihuana Act or MRTMA" means the Michigan Regulation and Taxation of Marihuana Act, MCL 333.27951 et seq., and the rules or emergency rules promulgated pursuant to the MRTMA.

"Marijuana microbusiness" means a business that cultivates not more than 150 plants; processes and packages it; and sells it to individuals who are 21 years of age or older or to a safety compliance facility but not to other businesses.

"Permittee" means a person holding a city permit under this chapter.

"Person" means the entities included in the definition of "person" in the MMFLA and the MRTMA.

"Processor" means a person who operates as a "processor" as defined in the MMFLA or a "marihuana processor" as defined in the MRTMA or as both at the same location under common ownership.

"Provisioning center/retailer" means a person who operates as a "provisioning center" as defined in the MMFLA or as a "marihuana retailer" as defined in the MRTMA or as both at the same location under common ownership.

"Safety compliance facility" means a person who operates as a "safety compliance facility" as defined in the MMFLA or a "marihuana safety compliance facility" as defined in the MRTMA or as both at the same location under common ownership.

"Secure transporter" means a person who operates as a "secure transporter" as defined in the MMFLA or a "marihuana secure transporter" as defined in the MRTMA or as both at the same location under common ownership.

"Selection Committee" means the three-person committee comprised of administrative officers of the City of Menominee assigned by the City Manager subject to approval of the City Council.

"State license" means a valid state operating license issued under the MMFLA or a valid state license issued under the MRTMA or both.

"Temporary marijuana event" means a license held by a marijuana event organizer for an event where the onsite sale or consumption of marihuana products, or both, are authorized at the location indicated on the state license during the dates indicated on the state license.

"Zoning Ordinance" means the City of Menominee Zoning Ordinance.

## XX.02. AUTHORIZATION OF MARIHUANA ESTABLISHMENTS AND FEE

A.      The City hereby authorizes, subject to the issuance of a municipal license by the City Clerk, the following marihuana establishments within the boundaries of the City, as are authorized pursuant to the Michigan Medical Marihuana Facilities Licensing Act, MCL 333.27101 et seq., and the rules or emergency rules promulgated pursuant to the MMFLA, and the Michigan Regulation and Taxation of Marihuana Act, MCL 333.27951 et seq., and the rules or emergency rules promulgated pursuant to the MRTMA.

B.      The marihuana establishments and the number authorized pursuant to this Ordinance are:

Grower permits
        MMFLA          4
        MRTMA          4
Processor permits
        MMFLA          4
        MRTMA          4
Secure transporter permits          2
Sales
        Provisioning center          2
        Retailer          2
Safety compliance facility permits          2
Marijuana microbusiness permits          0
Designated consumption establishment permits    0
Marijuana event organizer     0

C.      A nonrefundable license application fee shall be paid by each marihuana establishment applying to be licensed under this ordinance in the amount of $1,500.00 and the annual fee for each marihuana

establishment license shall be in the amount of $5,000.00. The application fee and marihuana establishment license fee are in addition to any other fees required, including, but not limited to, zoning fees.

D.      Should the City grant a marihuana establishment a municipal license, the marihuana establishment license fee shall be considered as the fee imposed for the first year the license is granted. Prior to the expiration of the first year of the license, and as provided in this Ordinance in Section XXX, the licensee may apply for an extension/renewal of the municipal license for an additional one year period at a nonrefundable application fee of $1,500.00 and should the City grant the extension/renewal of the municipal license, the license shall become effective upon payment of the annual marihuana establishment fee of $5,000.00 which shall be due within 5 days of the granting of the renewal/extension by the City.  The City may adjust the amount of the application and license fees by resolution of the City Council.  The purpose of the marihuana establishment license fee is to defray the administrative and enforcement costs of the City associated with the operation of the licensed marihuana establishment.

## XX.03 REQUIREMENTS AND PROCEDURE FOR ISSUING MUNICIPAL LICENSE

A.      No person shall operate a marihuana establishment in the City without a valid municipal license issued by the City pursuant to the provisions of this ordinance.

B.      No person shall be issued a municipal license by the City without first having obtained from the City of Menominee Planning Commission a Special Use Permit authorizing the operation of the establishment pursuant to the City of Menominee Zoning Ordinance.

C.      No person who is employed by the City, acts as a consultant for the City or acts as an advisor to the City, and is involved in the implementation, administration or enforcement of this Ordinance, shall have an interest, directly or indirectly, in a Marihuana Establishment.

D.      Every applicant for a municipal license to operate a marihuana establishment shall file an application in the City Clerk's office upon a form provided by the City. The application shall include:

1.      The appropriate nonrefundable municipal license application fee and initial year annual Marihuana establishment fee in the amounts determined by the City;

2.      If the applicant is an individual, the applicant's name; date of birth; Social Security number; physical address, including residential and any business address; copy of government-issued photo identification; email address; one or more phone numbers, including emergency contact information;

3.      If the applicant is not an individual, the names; dates of birth; physical addresses, including residential and any business address; copy of government-issued photo identifications; email address; and one or more phone numbers of each Stakeholder of the applicant, including designation of the highest ranking representative as an emergency contact person; contact information for the emergency contact person; articles of incorporation or organization; assumed name registration; Internal Revenue Service EIN confirmation letter; copy of the operating agreement of the applicant, if a limited liability company; copy of the partnership agreement, if a partnership; names and addresses of the beneficiaries, if a trust, or a copy of the bylaws or shareholder agreement, if a corporation;

4.      The name and address of the proposed marihuana establishment;

5.      A copy of the Special Use Permit issued by the City of Menominee Planning Commission;

6.      A location area map of the marihuana establishment and surrounding area that identifies the relative locations and the distances (closest property line to the subject marihuana establishment's building) to the closest real property comprising a public or private elementary, vocational or secondary school;

7.      A signed acknowledgment that the applicant is aware and understands that all matters related to marihuana growing, cultivation, possession, testing, safety compliance and transporting, are currently subject to state and federal laws, rules and regulations, and that the approval or granting of a license hereunder does not exonerate or exculpate the applicant from abiding by the provisions and requirements and penalties associated with those laws, rules, and regulations, or exposure to any penalties associated therewith; and further, the applicant waives and forever releases any claim, demand, action, legal redress, or recourse against the City, its elected and appointed officials, and its employees and agents for any claims, damages, liabilities, causes of action, damages, or attorney fees that the applicant may incur as a result of the violation by the applicant, its Stakeholders and agents of those laws, rules, and regulations; and

8.      The Act in Section 9.4 (MCL 333.27959(4) requires that the City establish a competitive process to select applicants who are best suited to operate in compliance with the Act and this Ordinance, when the City receives more applications than the number of available licenses. Pursuant to this requirement the City requires that applicants submit the following which will be scored using the applicable scoring rubrics:

      1.      An estimate of the number and type of jobs that the marihuana establishment is expected to create and the amount and type of compensation expected to be paid for such jobs;

      2.      A business plan which contains, but is not limited to, the following:

            i.      The applicant's experience in operating other similarly permitted or licensed businesses and the applicant's general business management experience;

            ii.     The proposed ownership structure of the establishment, including percentage ownership of each person or entity;

            iii.    A current organizational chart that includes position descriptions and the names of each person holding each position;

            iv.     Planned tangible capital investment in the City, including if multiple permits are proposed, an explanation of the economic benefits to the City and job creation, if any, to be achieved through the award of such multiple permits, with supporting factual data;

v.      Expected job creation from the proposed marihuana establishment(s);

vi.      If a Marihuana Grower Establishment is proposed, the number of plants anticipated

vii.      Financial structure and financing of the proposed marihuana establishment(s); and

viii.      Community outreach/education plans and strategies.

3.      A written description of the training and education that the Applicant will provide to all employees, including planned continuing education for existing employees. Further, a written description of the method(s) for record retention of all training provided to existing and former employees;

4.      A location area map of the marihuana facility and surrounding area that identifies the relative locations and the distances (closest property line to the subject marihuana facility's building) to the closest real property comprising a public or private elementary, vocational or secondary school; and church or religious institution, if recognized as a tax-exempt entity by the City Assessor's Office; and

5.      A facility sanitation plan to protect against any marihuana being ingested by any person or animal, indicating how the waste will be stored and disposed of, and how any marihuana will be rendered unusable upon disposal. Disposal by on-site burning or introduction into the sewerage system is prohibited.

6.      A description of the anticipated area impact including the proximity of the establishment(s) to properties zoned or used residentially; and plans for litter control, loitering, neighborhood outreach, noise mitigation, odor mitigation, resident safety, and traffic mitigation.

7.      Blight mitigation.

9.      Any other information which may be required by the City Clerk from time to time.


E.      Upon an applicant's completion of the above-described form and furnishing of all required information, documentation, and fees, the City Clerk shall file the same and assign it a sequential application number by establishment type based on the date and time of acceptance.  Initial applications shall commence on the sixtieth (60th) day following enactment of this ordinance and shall continue for a period of ninety (90) days (the "Initial Application Period)".  At the expiration of the Initial Application Period, the, the City Clerk shall compile a list of each applicant for each available license type.  All of the applications shall be submitted to the Selection Committee for review and completion of scoring rubric(s).  Each application shall be scored and the City Clerk shall prepare a list that identifies each application and the corresponding total of the

applicable individual scoring rubric. The scoring under this section shall be completed within 21-days of the expiration of the Initial Application Period.

G.      The City Manager shall forward the results of the individual scores to the City Council Subcommittee on Judicial & Legislative / Personnel & Labor, together with a recommendation for the issuance of each marihuana establishment license. The City Council Subcommittee on Judicial & Legislative / Personnel & Labor shall make a recommendation for approval, denial, or approval with conditions, to the City Council and the City Council shall have the discretion to either approve or deny each individual license application at the next regularly schedule Regular Meeting of the City Council following receipt of the recommendation of the City Council Subcommittee on Judicial & Legislative / Personnel & Labor to the City Council.

H.      The City Clerk shall issue the applicant or applicants approved by the City Council a provisional license and subsequently a final license after issuance by the State of Michigan of an operating license.

I.      Maintaining a valid license issued by the state is a condition for the maintenance of a license under this ordinance and continued operation of a marihuana establishment. A provisional license does not authorize operations until a final license is issued, which will only occur upon issuance of the appropriate license by the state of Michigan and the issuance of a Certificate of Occupancy.

J.      A License issued under this ordinance is not transferable without the prior approval of the City Council under the same terms and conditions required for the initial issuance of a license under this Ordinance.

K.      Marihuana Establishments issued Licenses by the City shall be fully operational within one hundred eighty (180) days following the date the License is issued. Failure to be fully operational within one hundred eighty (180) days following the date the License is issued shall be grounds for the revocation of the License. If a Licensee is unable to be fully operational within one hundred eighty (180) days following the date the License is issued, the Licensee may submit a request for a one-time extension to the City Manager and the City Manager shall forward said request to the City Council subcommittee on Judicial & Legislative / Personnel and Labor for consideration at its next scheduled committee meeting following the City Manager's receipt of the extension request. The City Council subcommittee on Judicial & Legislative / Personnel and Labor shall forward a recommendation for approval or denial of the requested extension to the City Council for action at the City Council's next Regular Meeting.

## XX.04 MINIMUM OPERATIONAL STANDARDS FOR ALL MARIHUANA ESTABLISHMENTS WITHIN THE CITY OF MENOMINEE

The following minimum standards shall apply to all Marihuana Establishments within the City:

A.      Marihuana Establishments shall comply at all times and in all circumstances with the Act, and applicable Michigan law, and the general rules of the Department of Licensing and Regulatory Affairs, as they may be amended from time to time. It is the responsibility of the owner to be aware of changes in the Act. The City bears no responsibility for failure of the owner to be unaware of changes in the Act.

B.      Consumption and/or use of marihuana shall be prohibited at the establishment.

C.      The establishment shall be open, during regular business hours, to any representative of LARA, state police officer, or City of Menominee Police Officer, or other official of the City of Menominee and said individual(s) may enter the premises, offices, Establishments, or other places of business of a Licensee, for the following purposes:

1.      To inspect and examine all premises of Marihuana Establishments;

2.      To inspect, examine, and audit relevant records of the Licensee and, if the Licensee or any employee fails to cooperate with an investigation, impound, seize, assume physical control of, or summarily remove from the premises all books, ledgers, documents, writings, photocopies, correspondence, records, and videotapes, including electronically stored records, money receptacles, or equipment in which the records are stored; and

3.      To investigate alleged violations of the Act, this ordinance and applicable Michigan law.

D.      The marihuana establishment shall be continuously monitored with a surveillance system that includes security cameras. The video recordings shall be maintained in a secure, offsite location for a period of fourteen (14) days and be available upon request of the City of Menominee Police Department.

E.      The marihuana establishment shall secure every entrance to the establishment and only permit those individuals described in this Ordinance or the Act access to the premises.

F.      The marihuana establishment shall be maintained and operated so as to comply with all state and local rules, regulations and ordinances. All Marihuana Establishments shall comply with applicable requirements of the Zoning Ordinance, including obtaining and maintaining a Special Use License.

G.      All marihuana shall be contained within an enclosed, secure area.

H.      All necessary building, electrical, plumbing and mechanical permits shall be obtained for any portion of the structure in which electrical wiring, lighting and/or watering devices that support the Grower, growing or harvesting of marihuana are located and occupancy shall be contingent upon the issuance of a final occupancy permit.

I.      All persons working in direct contact with marihuana shall conform to acceptable hygienic practices while on duty, including, but not limited to:

1.      Maintaining adequate personal cleanliness;

2.      Washing hands thoroughly in adequate hand-washing areas before starting work and at any other time when their hands may have become soiled or contaminated; and

3.      Refraining from having direct contact with marihuana if the person has or may have an illness, open lesion, including boils, sores or infected wounds, or any other abnormal source of microbial contamination, until the condition is corrected.

J.      Litter and waste shall be properly removed and the operating systems for waste disposal shall be maintained in an adequate manner so that they do not constitute a source of contamination.

K.      Floors, walls and ceilings shall be constructed in such a manner that they may be adequately cleaned and kept clean and in good repair.

L.      There shall be adequate screening or other protection against the entry of pests. Rubbish shall be disposed of so as to minimize the development of odor and minimize the potential for the waste development of odor and minimize the potential for waste becoming an attractant, harborage or breeding place for pests.

M.      All building fixtures and other Establishments shall be maintained in a sanitary condition.

N.      Odor from operations shall be controlled as provided in the Zoning Ordinance and as may be required under the Special Use License issued to the Licensee.

## XX.05 MINIMUM OPERATIONAL STANDARDS FOR MARIHUANA GROWER ESTABLISHMENTS

The following minimum standards for Grower Establishments shall apply.

A.      Grower Establishments shall maintain a log book and/or database indicating the number of Marihuana Plants therein.

B.      A Stakeholder in a Grower Establishment shall not hold an ownership interest, directly or indirectly, in more than two (2) Marihuana Grower Establishments.

C.      The establishment shall be subject to inspection by the City of Menominee Fire Department, City of Menominee Building Inspector, City of Menominee Code Enforcement Officer, and City of Menominee Police Department, to ensure compliance with all applicable statutes, codes and ordinances.

D.      Multiple Grower Establishment Licenses in a single location shall be permitted, subject to approval of the same by the City Clerk.

## XX.06 MINIMUM OPERATIONAL STANDARDS FOR SAFETY COMPLIANCE ESTABLISHMENTS

The following minimum standards for Safety Compliance Establishments shall apply.

A.      Safety Compliance Establishments shall maintain a log book and/or database which complies with the Act or applicable Michigan law.

B.      There shall be no other accessory uses permitted within the same establishment other than those associated with testing marihuana.

C.      A Stakeholder in a Safety Compliance Establishment shall not hold an ownership interest, directly or indirectly, in a Grower, Processor, Retailer or Microbusiness Establishment.

## XX.07 MINIMUM OPERATIONAL STANDARDS OF MARIHUANA PROCESSOR ESTABLISHMENTS

The following minimum standards for Processor Establishments shall apply.

A.      All Activity related to the Processor Establishment shall occur indoors.

B.      Processor Establishments shall maintain a log book and/or database which complies with the Act or other applicable state laws.

C.      All marihuana shall be tagged as required by the Act or applicable state laws.

D.      That structure shall be subject to inspection at any time by the City of Menominee Fire Department to ensure compliance with all applicable statutes, codes and ordinances.

E.      Processor Establishments shall produce no products other than useable marihuana intended for human consumption.

## XX.08 MINIMUM OPERATIONAL STANDARDS FOR SECURE TRANSPORTER ESTABLISHMENTS

The following minimum standards for Secure Transporter Establishments shall apply.

A.      Secure Transporters and each Secure Transporter Stakeholder shall not hold an ownership interest, directly or indirectly, in a Grower, Processor, Retailer or Microbusiness Establishment.

B.      A Secure Transporter shall enter all transactions, current inventory, and other information as required by the state into the statewide monitoring system.

C.      A Secure Transporter shall comply with all of the following:

    1.      Each driver transporting marihuana shall have a chauffeur's license issued by the state;

    2.      Each employee who has custody of marihuana or money that is related to a marihuana transaction shall not have been convicted of delivery of a controlled substance;

    3.      Each vehicle shall be operated with a two-person crew with at least one individual remaining with the vehicle at all times during the transportation of marihuana;

    4.      The marihuana shall be transported by one or more sealed containers and shall not be accessible while in transit; and

    5.      A secure transporting vehicle shall not bear markings or other indication that it is carrying marihuana or a marihuana infused product.

D.      A vehicle used by a Secure Transporter is subject to administrative inspection by a law enforcement officer at any point during the transportation of marihuana to determine compliance with all state and local laws, rules, regulations and ordinances.

## XX.09 MINIMUM OPERATIONAL STANDARDS FOR MARIHUANA PROVISIONING CENTERS AND RETAILERS

The following minimum standards for Marihuana Provisioning Centers and Retailers shall apply.

A.      The Establishment shall not sell edible marihuana-infused candy in shapes or packages that are attractive to children or that are easily confused with commercially sold candy that does not contain marihuana.

B.      The Establishment shall not sell or otherwise transfer marihuana that is not contained in an opaque, resealable, child-resistant package designed to be significantly difficult for children under 5 years of age to open and not difficult for normal adults to use property as defined by 16 C.F.R. 1700.20 (1995), unless the marihuana is transferred for consumption on the premises where sold.

C.      Marihuana Retailers and their agents shall ensure that all purchasers of marihuana are over 21 years of age.

D.      Marihuana Provisioning Centers and their agents shall ensure that all purchases of marihuana are by persons who are issued and possess a valid card issued under the rules governing the Michigan Medical Marihuana Program.  If a Provisioning Center is located in the same building as a Marihuana Retailer, access to the Marihuana Retailer area of the building must be strictly limited to persons who are over 21 years of age.

## XX.11 LOCATION OF GROWER ESTABLISHMENT, SAFETY COMPLIANCE ESTABLISHMENT, PROCESSOR ESTABLISHMENT, AND SECURE TRANSPORTER ESTABLISHMENT

A.      All Grower Establishments, Safety Compliance Establishments, Processor Establishments, Microbusiness Establishments and Secure Transporter Establishments shall only operate and be located within the permitted areas as provided for in the Zoning Ordinance.

B.      Multiple Establishment Licenses at a single location shall be permitted subject to the review and approval by the City Clerk and subject to the requirements of the state of Michigan.

## XX.12 DENIAL AND REVOCATION

A.      A License issued under this Ordinance may be revoked after an administrative hearing at which the City Clerk determines that grounds for revocation under this Ordinance exist. Notice of the time and place of the hearing and the grounds for revocation must be given to the holder of a License at least five days prior to the date of the hearing, by first class mail to the address given on the license application; a licensee whose license is the subject of such hearing may present evidence and/or call witnesses at the hearing.

B.      A License applied for or issued under this Ordinance may be denied or revoked on any of the following basis:

        1.      Any violation of this Ordinance;

2.      Any conviction of delivery of a controlled substance to a minor;

3.      City Clerk finding of fraud, misrepresentation or the making of a false statement by the Applicant or any stakeholder of the Applicant while engaging in any Activity for which this Ordinance requires a License or in connection with the Application for a License or request to renew a License;

4.      Sufficient evidence that the Licensee lacks, or has failed to demonstrate, the requisite professionalism and/or business experience required to assure strict adherence to this ordinance, and the rules and regulations governing the Act;

5.      The License holder or any of its Stakeholders is in default to the City personally or in connection with any business in which they hold an ownership interest, for failure to pay property taxes, special assessments, fines, fees or other financial obligation;

6.      The marihuana establishment is determined by the City to have become a public nuisance; or

7.      LARA has denied, revoked or suspended the applicant's state operating license.

C.      Should the City Clerk revoke a License, the Licensee shall have fourteen (14) days from the mailing of the written notice of revocation to appeal the decision to the City Manager. The City Manager may require additional information or Act upon the appeal based upon the information supplied to the City Clerk. Should the City Manager reverse the decision of the City Clerk, the City Clerk shall reinstate the license. Should the City Manager affirm the decision of the City Clerk, he/she shall mail by first class mail a written notice affirming the decision to the address for the Licensee contained in the City Clerk's records.

D.      Should the City Manager affirm the denial, revocation or suspension of a License by the City Clerk, the Licensee shall have fourteen (14) days from the mailing of the decision of the City Manager to appeal the decision to City Council, by filing with the City Clerk a written notice of appeal. City Council shall hear the appeal at its next regularly scheduled meeting, but no sooner than 7 days from the receipt of the appeal.

E.      Any License that is issued and later revoked or, once issued, denied at renewal, shall be made available for issuance and the City Clerk shall cause notice of the availability of a revoked or nonrenewed License to be posted in the same manner as notice of meetings of the City Council.  The process in Sec. XX.03 shall be followed for applying for an available License.

## XX.13 LICENSE RENEWAL

A.      A License shall be valid for one year from the date of issuance, unless revoked as provided by law, including this Ordinance.

B.      A valid License may be renewed on an annual basis by submitting a renewal application upon a form provided by the City and payment of the annual license fee. Applications to renew a License shall be filed with the City Clerk at least thirty (30) days prior to the date of its expiration. As long as no changes to the Licensee have occurred and there is no pending request to revoke or suspend a License, and the Licensee has paid the License Renewal Fee, the City Clerk shall renew the License.

## XX.14 UNLAWFUL ACTIVITIES

Any act which is a violation of either the MMFLA or the MRTMA, or any amendment thereto, shall also be considered a violation of this Ordinance. It shall be unlawful to consume marihuana in a public place in the City of Menominee.

## XX.15 APPLICABILITY

The provisions of this Ordinance shall be applicable to all persons and Establishments described herein, including if the operations or Activities associated with a marihuana establishment were established without authorization before the effective date of this ordinance.

## XX.16 PENALTIES AND ENFORCEMENT

A.      Any person who violates any of the provisions of this Ordinance shall be responsible for a municipal civil infraction and subject to the payment of a civil fine of $500, plus costs, except that a violation of Section XX.14 by consuming marihuana in a public place is a civil infraction and subject to the payment of a civil fine of up to $100.  Each day a violation of this Ordinance continues to exist constitutes a separate violation. A violator of this Ordinance shall also be subject to such additional sanctions, remedies and judicial orders as are authorized under Michigan law.

B.      A violation of this Ordinance is deemed to be a nuisance per se. In addition to any other remedy available at law, the City may bring an Action for an injunction or other process against a Licensee to restrain, prevent, or abate any violation of this Ordinance.

C.      This Ordinance may be enforced and administered by the City Clerk, any City of Menominee Police Officer, City Manager or such other city official as may be designated from time to time by resolution of the City Council.

## XX.17 SEVERABILITY

In the event that any one or more sections, provisions, phrases or words of this Ordinance shall be found to be invalid by a court of competent jurisdiction, such holding shall not affect the validity or the enforceability of the remaining sections, provisions, phrases or words of this Ordinance.

MARIHUANA ESTABLISHMENTS ZONING ORDINANCE

ORDINANCE NO.

AN ORDINANCE TO AMEND THE ZONING ORDINANCE OF THE CITY OF MENOMINEE TO ALLOW FOR VARIOUS TYPES OF LICENSED MARIHUANA ESTABLISHMENTS AS USES PERMITTED BY RIGHT AND USES PERMITTED BY SPECIAL USE PERMITS WITHIN CERTAIN ZONING DISTRICTS IN THE CITY, AND TO ESTABLISH STANDARDS AND REQUIREMENTS FOR THE APPROVAL AND OPERATION OF SUCH ESTABLISHMENTS AS AUTHORIZED PURSUANT TO ORDINANCE NO. _____ OF THE CITY OF MENOMINEE AND THE MICHIGAN REGULATION AND TAXATION OF MARIHUANA ACT; AND TO AMEND CERTAIN PROVISIONS OF THE SPECIAL LAND USE APPROVAL PROCESS FOR MARIHUANA ESTABLISHMENTS AND MEDICAL MARIHUANA FACILITIES.

THE CITY OF MENOMINEE ORDAINS THAT:

Section 109-1 of the Menominee City Code is hereby amended to amend and add the following definitions:

MARIHUANA means that term as defined in: the Public Health Code, MCL 333.1101, et seq.; the Michigan Regulation and Taxation of Marihuana Act, MCL 333.27951, et seq.; the Michigan Medical Marihuana Act, MCL 333.26421, et seq.; the Medical Marihuana Facilities Licensing Act, MCL 333.27101, et seq.; and the Marihuana Tracking Act, MCL 333.27901, et seq.

MARIHUANA ACCESSORIES mean that term as defined in the Michigan Regulation and Taxation of Marihuana Act, MCL 333.26421, et seq.

MARIHUANA CONCENTRATE means that term as defined in the Michigan Regulation and Taxation of Marihuana Act, MCL 333.26421, et seq.

MARIHUANA ESTABLISHMENT means an enterprise at a specific location at which a licensee is licensed to operate under the Michigan Regulation and Taxation of Marihuana Act., MCL 333.27901, et seq., and under the City of Menominee's Marihuana Establishments Ordinance, including a marihuana grower establishment, marihuana safety compliance facility establishment, marihuana processor establishment, , marihuana retailer establishment, marihuana secure transporter establishment, or any other marihuana-related business licensed by the Michigan Department of Licensing and Regulatory Affairs under the Michigan Regulation and Taxation of Marihuana Act and by the City of Menominee under the City's Marihuana Establishments Ordinance.

MARIHUANA ESTABLISHMENT LICENSEE means a person or legal entity holding a state operating license issued under the Michigan Regulation and Taxation of Marihuana Act, MCL 333.27901, et seq., and a license issued by the City of Menominee pursuant to its Marihuana Establishments Ordinance.

MARIHUANA FACILITY means an enterprise at a specific location at which a licensee is licensed to operate under the Michigan Medical Marihuana Facilities Licensing Act , MCL 333.27101, et seq., and under the City of Menominee's Medical Marihuana Facilities Ordinance, including a marihuana grower facility, marihuana processor facility, marihuana provisioning center facility, marihuana secure transporter facility, or marihuana safety compliance facility. The term does not include or apply to a "primary caregiver" or "caregiver" as that term is defined in the Michigan Medical Marihuana Act, MCL 333.26421, et seq.

MARIHUANA FACILITY LICENSEE means a person or legal entity holding a state operating license issued under the Michigan Medical Marihuana Facilities Licensing Act, MCL 333.27101, et seq, and a license issued by the City of Menominee pursuant to its Medical Marihuana Facilities Ordinance.

MARIHUANA GROWER ESTABLISHMENT means a marihuana establishment licensee licensed under the City's Marihuana Establishments Ordinance and under the Michigan Regulation and Taxation of Marihuana Act, MCL 333.27951, et seq., that is a commercial entity located in this state that cultivates marihuana and sells or otherwise transfers marihuana to marihuana establishments pursuant to the Ordinance and the Act.

MARIHUANA GROWER FACILITY means a marihuana facility licensee licensed under the City's Medical Marihuana Facilities Ordinance and under the Michigan Medical Marihuana Facilities Licensing Act that is a commercial entity located in this state that cultivates, dries, trims, or cures and packages marihuana for sale to a processor or provisioning center.

MARIHUANA-INFUSED PRODUCT means a topical formulation, tincture, beverage, edible substance, or similar product containing any usable marihuana and other ingredients as defined in Section 3(j) of the Michigan Regulation and Taxation of Marihuana Act and in Section 102(l) of the Michigan Medical Marihuana Facilities Licensing Act. Marihuana-infused product shall not be considered a food for purposes of the food law, 2000 PA 92, MCL 289.1101 to 289.8111.

MARIHUANA MICROBUSINESS means a marihuana establishment licensee licensed under the City's Marihuana Establishments Ordinance and under the Michigan Regulation and Taxation of Marihuana Act to cultivate not more than 150 marihuana plants; process and package marihuana; and sell or otherwise transfer marihuana to individuals who are 21 years of age or older or to a marihuana safety compliance facility establishment, but not to other marihuana establishments.

MARIHUANA OUTDOOR PRODUCTION means growing marihuana in an expanse of open or cleared ground or in a greenhouse, hoop house, or similar non-rigid structure that does not utilize any artificial lighting, including, but not limited to, electrical lighting sources.

MARIHUANA PROCESSOR ESTABLISHMENT means a marihuana establishment licensee licensed under the City's Marihuana Establishments Ordinance and under the Michigan Regulation and Taxation of Marihuana Act to obtain marihuana from marihuana establishments; process and package marihuana; and sell or otherwise transfer marihuana to marihuana establishments.

MARIHUANA PROCESSOR FACILITY means a marihuana facility licensee licensed under the City's Medical Marihuana Facilities Ordinance and under the Michigan Medical Marihuana Facilities Licensing Act that is a commercial entity located in this state that purchases marihuana from a grower and that extracts resin from the marihuana or creates a marihuana-infused product for sale and transfer in packaged form to a marihuana provisioning center.

MARIHUANA PROVISIONING CENTER means a marihuana facility licensee licensed under the City's Medical Marihuana Facilities Ordinance and under the Michigan Medical Marihuana Facilities Licensing Act that is a commercial entity located in this state that purchases marihuana from a grower or processor and sells, supplies, or provides marihuana to registered qualifying patients, directly or through the patients' registered primary caregivers. Provisioning center includes any commercial property where marihuana is sold at retail to registered qualifying patients or registered primary caregivers. A noncommercial location used by

a primary caregiver to assist a qualifying patient connected to the caregiver through the department's marihuana registration process in accordance with the Michigan Medical Marihuana Act, MCL 333.26421, et seq., is not a provisioning center for purposes of this chapter.

MARIHUANA RETAILER means a marihuana establishment licensee licensed under the City's Marihuana Establishments Ordinance and under the Michigan Regulation and Taxation of Marihuana Act to obtain marihuana from marihuana establishments and to sell or otherwise transfer marihuana to marihuana establishments and to individuals who are 21 years of age or older.

MARIHUANA SAFETY COMPLIANCE FACILITY means a marihuana facility licensee licensed under the City's Medical Marihuana Facilities Ordinance and under the Michigan Medical Marihuana Facilities Licensing Act that is a commercial entity that receives marihuana from a marihuana facility or registered primary caregiver, tests it for contaminants and for tetrahydrocannabinol and other cannabinoids, returns the test results, and may return the marihuana to the marihuana facility.

MARIHUANA SAFETY COMPLIANCE FACILITY ESTABLISHMENT means a marihuana establishment licensee licensed under the City's Marihuana Establishments Ordinance and under the Michigan Regulation and Taxation of Marihuana Act to test marihuana, including certification for potency and the presence of contaminants.

MARIHUANA SECURE TRANSPORTER ESTABLISHMENT means a marihuana establishment licensee licensed under the City's Marihuana Establishments Ordinance and under the Michigan Regulation and Taxation of Marihuana Act to obtain marihuana from marihuana establishments in order to transport marihuana to marihuana establishments.

MARIHUANA SECURE TRANSPORTER FACILITY means a marihuana facility licensee licensed under the City's Medical Marihuana Facilities Ordinance and under the Michigan Medical Marihuana Facilities Licensing Act that is a commercial entity located in this state that stores marihuana and transports marihuana between marihuana facilities for a fee.

SECURITY PLAN means a plan for preventing unauthorized access to, or theft and pilferage from, a marihuana facility, approved for operation in the City of Menominee.

Section 109-189 of the Menominee City Code is hereby amended to add subsection (c), providing as follows:

(c) In addition to the requirements provided for in subsections (a) and (b) above, site plans submitted for a marihuana facility under the City's Medical Marihuana Facilities Ordinance or a marihuana establishment under the City's Marihuana Establishments Ordinance must meet the following minimum requirements:

(a) For all marihuana facilities and marihuana establishments:

i. Maintain a minimum 300-foot setback from all school, day care, child care, and playground properties. "Playground properties" means that area owned, leased, rented and/or operated by the City, where the City has established, installed or provided recreational facilities, including, by way of description, but not limitation, swings, slides, water fountains, teeter totters, jungle gyms and sand boxes. A

playground may or may not be fenced in. "Playground properties" does not include that area used for baseball diamonds, soccer fields, football fields, etc., unless those properties are owned or occupied by any school.

ii. Except for marihuana provisioning centers or marihuana retailers, a six (6) foot tall perimeter fence, though fencing requirements may be included as part of the special use permit requirements for marihuana provisioning centers or marihuana retailers where they are located on property adjacent to residential property or where it is otherwise deemed appropriate due to the location of the property.

iii. A satisfactory exterior lighting system.

iv. A satisfactory building security system.

v. A satisfactory on-site security guard program.

vi. An off-site official contact list.

vii. Established hours of operation.

viii. Appropriate signage. No pictures or drawings depicting marihuana or any marihuana paraphernalia shall appear on the outside of the premises, or shall be visible from outside the premises. The words "marihuana," "cannabis" and any words used or intended to be used to convey the presence of marihuana shall not appear on the outside of the premises per state law. Marihuana products must not be marketed or advertised to minors aged 17 years or younger. Any signage targeting minors are prohibited.

ix. A plan for facility inspection by the City, which shall include no less than an annual comprehensive fire and security inspection.

x. A security plan approved by the State of Michigan or City Police Department.

xi. All waste and by-products must be securely stored in a locked and enclosed space.

xii. Co-location and stacking of marihuana facility or marihuana establishment licenses as permitted by applicable ordinance and state law, shall be permitted up to, but not beyond, any applicable lot coverage limitations set forth in this Chapter.

xiii. Such other conditions as may be suitable for the particular license, or facility to be operated by the marihuana facility or marihuana establishment licensee.

xiv. No outdoor grow facilities or establishments will be allowed

(b) For a marihuana grower facility or marihuana grower establishment, in addition to all other applicable requirements:

i. The odor must be managed at the site and by the installation of a suitable operable filtration system connected to appropriate ventilation and exhaust equipment, and odors must otherwise be effectively confined to the interior of the building from which the odor is generated.

ii. For a facility using artificial light for night time growing periods, a plan satisfactorily demonstrating that the marihuana facility or marihuana establishment licensee can contain all artificial light within the interior space of the facility.

(c) For a marihuana processor facility or a marihuana processor establishment, in addition to all other applicable requirements:

i. The odor must be managed at the site and by the installation of a suitable operable filtration system connected to appropriate ventilation and exhaust equipment, and odors must otherwise be effectively confined to the interior of the building from which the odor is generated.

ii. No marihuana shall be manufactured or processed in any manner that would create excessive noise beyond the interior of the structure if occupants of adjoining structures or properties may be disturbed by said noise.

iii. For a facility using artificial light for night time operations, a plan satisfactorily demonstrating that the marihuana facility licensee can contain all artificial light within the interior space of the facility.

(d) For a marihuana provisioning center or a marihuana retailer, in addition to all other applicable requirements:

i. The odor must be managed at the site and by the installation of a suitable operable filtration system connected to appropriate ventilation and exhaust equipment, and odors must otherwise be effectively confined to the interior of the building from which the odor is generated. This Ordinance shall take effect ten (10) days after publication, as provided by City Charter.

Section 109-332. – C-1, General Business District, of the Menominee City Code is hereby amended to provide as follows:

(a) *Scope, intent and purpose.* The provisions of this section apply to the C-1 district. The general business district encompasses the majority of the City's commercial districts and is intended to include a broad range of enterprises from the small commercial establishments and professional offices to neighborhood shopping centers to strict commercial development to shopping centers and malls. Parcels included in this district should be situated on either arterial or collector streets and be developed as not to harm adjoining residential areas. Small scaled uses are permitted by right while larger developments require a special use permit.

(1)  *Uses permitted by right.*

    a.  Retail greenhouses and nurseries.

    b.  Veterinary hospitals.

    c.  Automobile parts and tires.

    d.  Convenience retail.

    e.  General retail.

    f.  Medical services.

    g.  Banks and other financial institutions.

    h.  Miscellaneous business service establishments.

    i.  Funeral homes.

    j.  Laundromats and dry cleaners.

    k.  Motels and hotels.

    l.  Office establishments.

    m.  Indoor theaters.

    n.  Pool halls, video arcades, bowling alleys, dance halls and similar uses.

    o.  Restaurants and taverns.

    p.  Rapid printing establishments.

    q.  Child care/day care center.

    r.  Public (federal, state and local) buildings and structures.

    s.  Marihuana provisioning center.

    t.  Marihuana Retailer

Section 109-333. – C-2, Waterfront and Central Business District

(3)  *Uses with special use permit.* Uses permitted by the issuance of a special use permit upon compliance with the provisions of article VI of this chapter:

    a.  Marihuana Provisioning Center.

      b.   Marihuana Retailer.

Section 109-334. – M-1, Industry District, of the Menominee City Code is hereby amended to provide as follows:

(a)   *Scope, intent and purpose.* The provisions of this section apply to the M-1 district. It is the intent of this district to provide for a variety of industrial uses characterized by relatively low traffic generation and the absence of objectionable external affects. Such areas are intended to have existing utilities and be free of incompatible uses and designed and developed so as not to harm adjoining conforming uses.

(1)   *Uses permitted by right.*

      a.   Building materials, farm implements or garden supplies for retail sales (with outdoor storage).

      b.   Jobbing and machine shops.

      c.   Manufacturing plants.

      d.   Publishing houses.

      e.   Truck and rail terminals.

      f.   Warehousing.

      g.   Millwork plants.

      h.   Automobile parts and tires.

      i.   Marihuana Grower Establishment.

      j.   Marihuana Grower Facility.

      k.   Marihuana Processor Establishment.

      l.   Marihuana Processor Facility.

      m.   Marihuana Safety Compliance Facility.

      n.   Marihuana Safety Compliance Establishment.

      o.   Marihuana Secure Transporter Establishment.

      p.   Marihuana Secure Transporter Facility.

(3)   *Uses with special use permit.* Uses permitted by the issuance of a special use permit upon compliance with the provisions of article VI of this chapter:

      a.   Marihuana Provisioning Center.

    b.    Marihuana Retailer.

Section 109-335. – M-2, Industrial Park District, of the Menominee City Code is hereby amended to provide as follows:

(3)    *Uses with special use permit.* Uses permitted by the issuance of a special use permit upon compliance with the provisions of article VI of this chapter:

    a.    Marihuana Provisioning Center.

    b.    Marihuana Retailer.

Section 109-390 of the Menominee City Code is hereby amended to add subsection (4), providing as follows:

(4) A marihuana grower establishment, marihuana grower facility, marihuana processor establishment, marihuana processor facility, marihuana provisioning center, marihuana retailer, marihuana secure transporter establishment, marihuana secure transporter facility, marihuana safety compliance facility establishment, and marihuana safety compliance facility, in accordance with the provisions of state law and applicable City ordinance, may be permitted through the issuance of a special use permit pursuant to this section in a district where such facility is allowed as a special land use, provided that:

(a) At the time of the application for a special use permit the applicant must have submitted a completed application to the City for a medical marihuana facility license under the City's Medical Marihuana Facilities Ordinance or for a license under the City's Marihuana Establishments Ordinance and have paid the required application fee in full, must have provided proof that the applicant has applied for and received prequalification from the State of Michigan for a state operating license under either the Michigan Medical Marihuana Facilities Licensing Act or the Michigan Regulation and Taxation of Marihuana Act, and must be at all times in compliance with the laws of the State of Michigan, applicable City ordinance, and all applicable rules promulgated by the State of Michigan.

(b) The marihuana facility or marihuana establishment must be licensed by the City and by the State of Michigan prior to commencing operation, and must be at all times in compliance with the laws of the State of Michigan, applicable City ordinance, and all applicable rules promulgated by the State of Michigan.

(c) The City may suspend or revoke a special use permit based on a finding that the provisions of the special use standards in this section, all other applicable provisions of this zoning ordinance, the City's Medical Marihuana Facilities Ordinance, the City's Marihuana Establishments Ordinance, or the terms of the special use permit and approved site plan are not met.

(d) A marihuana facility, marihuana establishment, or activities associated with the licensed growing, processing, testing, transporting, or sale of marihuana, may not be permitted as a home business or accessory use, nor may they include accessory uses except as otherwise provided in this ordinance.