# EXHIBIT 3

# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("***Agreement***") is made by and between NU Group, LLC; Attitude Wellness, LLC; Highwire Farms, LLC; O.I. Holdings, LLC and Higher Love Corporation, Inc; and Rocky North, LLC ("***Plaintiffs***") and the City of Menominee ("***City***") (individually referred to as "***Party***" and collectively referred to as the "***Parties***").

**WHEREAS,** the City enacted a Marihuana Establishments Ordinance that limited the number of marihuana retailer establishments ("***License***" or "***Licenses***") in the City to two (2); and

**WHEREAS**, the City received more applications than the number of available Licenses; and

**WHEREAS,** Plaintiffs applied for but did not receive Licenses; and

**WHEREAS,** Plaintiffs commenced actions in the Menominee County Circuit Court (the "***Court***") as follows:

NU Group, LLC v City of Menominee, Case No. 21-17045-CZ;

Attitude Wellness, LLC v City of Menominee, Case No. 21-17036-CZ;

Highwire Farms, LLC v City of Menominee, Menominee City Council; Judicial & Legislative/Personnel & Labor Committee; Marihuana Rubric Scoring Committee; Former City Manager, Tony Graff; Acting City Manager, Brett Botbyl; Former City Engineer & Public Works Director, Tricia Alwin; Former Zoning Administrator, Derrick Schultz; City Clerk, Kathy Brofka; Fire Chief, Mark Peterson; and City Atty/Legal Officer Mike Celello; Case No. 21-17053-CZ;

O.I. Holdings, LLC and Higher Love Corporation, Inc v City of Menominee, Jean Stegeman, Heather Nelson, Jacqueline Nutter, Steve Fifarek, William Plemel, Josh Jones, Dennis Klitzke, Frank Pohlmann, Doug Robinson, Brett Botbyl, Tricia Alwin, and Mark Peterson; Case No. 21-17083-CZ; and

Rocky North, LLC dba Green Pharm U.P. v City of Menominee, Case No. 21-17109-CZ, (all collectively referred to herein as the "***Lawsuit***").

**WHEREAS,** the Lawsuit was consolidated by the Court; and

**WHEREAS,** First Property Holdings, LLC and The Fire Station, LLC subsequently became Intervening Defendants in the Lawsuit; and

**WHEREAS**, among other claims, Plaintiffs brought claims under the Michigan Open Meetings Act ("***OMA***") the Michigan Constitution, and the Michigan Regulation and Taxation of Marihuana Act ("***MRTMA***"); and

**WHEREAS,** Judge Barglind dismissed each Plaintiffs' Lawsuit;

**WHEREAS,** Plaintiffs, O.I. Holdings, LLC and Higher Love Corporation, Inc filed an Application for Leave to Appeal (the "*Appeal*"), which has been denied;

**WHEREAS**, Plaintiffs may engage in further motion practice in the trial court, including motions for reconsideration and Plaintiffs plan to appeal Judge Barglind's dismissals to the Michigan Court of Appeals, if necessary ("*Future Appeals*");

**WHEREAS,** the Plaintiffs and a majority of the Menominee City Council desire to resolve the Lawsuit and any Future Appeals upon the following terms and conditions.

**NOW, THEREFORE**, in consideration of the mutual agreements herein contained, and the above recitals, the Parties hereto agree as follows:

1. **Settlement Terms and Conditions.** The Parties have agreed to the following terms and conditions set forth herein, which are subject to consideration and either approval or denial by a majority of the Menominee City Council. The compromise set forth herein, if adopted by the City Council, shall be in full settlement and satisfaction of all claims and Future Appeals relating to the Lawsuit that the Parties have or may have at the time this Agreement is fully executed.

    A. If the resolution approving this agreement is adopted by a majority of City Council ("Resolution"), the City agrees within 60 days from the date the Resolution is signed by a majority of the City Council, the City Council shall introduce for consideration by the City Council an amendment to the Marihuana Establishments Ordinance, Section XX.02(B) to completely uncap the number of Licenses available to operate recreational marihuana retail establishments in the City of Menominee.

    B. If the City Council adopts the amendment under Section 1 A, within 30 days of such enactment, and prior to accepting any other applications under such enactment, the City will award an additional six (6) Licenses to each of the Plaintiffs and to non-party Agri-Med as follows:

    NU Group, LLC located at 1231 9th Avenue

    Attitude Wellness, LLC d/b/a Lume located at 2812 10th Street

    Highwire Farms, LLC located at 1015 10th Street

    Higher Love Corporation, Inc located at 1400 8th Avenue

    Rocky North, LLC d/b/a Green Pharm U.P. located at 2121 10th Street

    Agri-Med, LLC located at 3109 and 3113 10th Street

    C. Plaintiffs and Agri-Med must each submit its respective amended application, and new application and annual license fee, in order to receive its respective License. If the City wants to create new application forms or fees, for these amended

applications, any new form or fee must be published on the City's webpage within 15 days of the enactment of the Amendment under Section 1 A; otherwise, Plaintiffs and Agri-Med may submit their amended applications on the prior form and pay the prior fee.. In any event, any party who elects to submit an amended application under this Section 1 C shall be relieved from the assertions/promises/plans and stated economic investments set forth in their original application packet.

D. Only upon the enactment of the ordinance amendment in 1A and the issuance of the licenses in 1B will Plaintiffs waive the right to pursue any Future Appeals arising out of the Lawsuit and Plaintiffs' obligation to perform under Paragraph 3 and 4 become operative.

E. First Property Holdings, LLC and/or The Fire Station, LLC may submit amended applications under 1 C, and if so, they shall be relieved from the assertions/promises/plans and stated economic investments set forth in their original application packet.

2. **City Council's Consideration.** This Agreement shall be presented to the City Council as soon as possible, but not later than fourteen (14) days of the date this Agreement is fully executed by Plaintiffs.

3. **Mutual Release.** With the exception of the obligations set forth herein, the Parties and each of their past, present, and future officers, directors, stakeholders, partners, attorneys, agents, employees, members, managers, representatives, insurers, assigns, successors in interest, elected officials, appointed officials, boards, departments, and agencies hereby irrevocably release, forever acquit, and discharge each other and all persons acting by, through, under, or in concert with them, and each of them from all known and unknown charges, complaints, claims, grievances, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, requests for restraining orders or injunction, requests for equitable relief, rights, demands, costs, losses, debts, penalties, fees, expenses (including attorneys' fees and costs actually incurred), and other damages, of any nature whatsoever, known or unknown, which the parties have, or might have had since the beginning of time through the date they execute this Agreement against each other , whether or not apparent or yet to be discovered, or which may hereafter develop, relating to the Lawsuit and Future Appeals.

4. **Indemnification**. The Plaintiffs shall defend and hold harmless the City from all claims and expenses, including all actual losses, damages, and reasonable legal fees, brought against the City of Menominee, including any representative of the City of Menominee, based on the City's 2021 adoption of the original marihuana licensing ordinance and/or its marihuana licensing process.

In the event any claim shall arise for indemnification, the City shall promptly provide written notice of such claim to the Plaintiffs. In connection with any claim giving rise to indemnity hereunder resulting from or arising out of any action by a person or entity, the Plaintiffs, jointly

and at their sole cost and expense, shall assume the defense of any such action with counsel reasonably satisfactory to the City. The Plaintiffs shall not settle any action without the City's prior written consent (which consent shall not be unreasonably withheld or delayed).

The Parties acknowledge that the City's legal expenses associated with defending the Lawsuit and Appeal to date were paid under a reservation of rights from the City's liability insurer. In the event that the City's liability insurer that paid for the legal expenses associated with defending the Lawsuit and Appeal sues for and obtains a Declaratory Judgement that it is not responsible or obligated to pay the City's legal expenses to date, as a direct result of the City's decision to enter into this Settlement and Release Agreement, Plaintiffs shall agree to reimburse the City for up to, but no more than, $175,000.00. The City shall not enter into any settlement resolving such an action for Declaratory Judgement brought by the City's liability insurer without Plaintiffs' prior written consent, which consent shall not be unreasonably withheld.

5. **No Admission of Liability.** It is understood and agreed that this Agreement is the compromise of a doubtful and disputed claim. This Agreement is not, and shall not be construed or described as, an admission of liability or wrongdoing by the City, the City Council and its members, the Judicial & Legislative/Personnel & Labor Committee and its members, the Marihuana Rubric Scoring Committee and its members, the individually named Defendants in the Lawsuit or Appeal or any of the City's past, present, and future officers, directors, stakeholders, partners, attorneys, agents, employees, managers, representatives, attorneys, insurers, assigns, elected officials, appointed officials, and successors in interest, the past and present members of the Menominee City Council, the Judicial & Legislative/Personnel & Labor Committee, the Marihuana Rubric Scoring Committee, with respect to Plaintiffs and their claims.

6. **Costs.** Except as provided in Section 5, above, the Parties shall each bear their own costs and attorney fees incurred in connection with this Agreement, the Lawsuit, and Appeal.

7. **Limitation on Disclosing Contents.** It is further agreed that the terms and conditions of this Agreement will not be disclosed or publicized to third parties by Plaintiffs prior to the approval and execution of this Agreement by all Parties. However, the City and the City Council must discuss and disclose the contents or material terms of this Agreement to the public when considering this Agreement and potential amendments to the City's marihuana ordinance, and prior to, and the City shall not be prohibited from disclosing information in accordance with the requirements of the Open Meetings Act, MCL 15.261 et seq., or the Michigan Freedom of Information Act, MCL 15.321 et seq., or any other statutory requirements.

8. **Headings.** The headings of the sections/paragraphs of this Agreement are for the convenience of reference only and are not to be considered a part of this Agreement and shall not limit or otherwise affect any of the terms of this Agreement.

9. **Extent of Agreement.** It is the express intention of the Parties that this Agreement be enforceable for all purposes under the law. As such, the provisions of this Agreement and all covenants and agreements contained herein shall apply to and be binding upon the Parties and each of their successors, heirs, representatives, and assigns. Likewise, the City warrants and represents

to Plaintiffs that except as to the number of currently available Licenses, which is currently limited to 2, but which shall be uncapped if the amendment described in Paragraphs 1(A) and 1(B) above are approved by City Council, this Agreement is not prohibited by or inconsistent with provisions or requirements of the City's Marihuana Establishments Ordinance, Zoning Ordinance, or other applicable ordinances, procedures, or regulations now in effect or hereafter adopted. The Parties agree to cooperate in good faith to perform the Agreement.

10. **Governing Law.** This Agreement is made in the State of Michigan and shall be construed in accordance with the internal laws thereof.

11. **Signatures**. The Parties agree that signatures on this Agreement may be delivered by facsimile or scanned and emailed in lieu of an original signature, and the Parties agree to treat facsimile signatures or a scanned copy of signatures as original signatures and agree to be bound by this provision. The Parties further agree that this Agreement may be signed in counterparts.

12. **Non-Assignment**. This Agreement and the rights granted herein are not assignable by any Party without the written consent of all other Parties.

13. **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties and supersedes all prior written or oral promises and representations. No alteration, amendment, change, or addition to this Agreement shall be binding upon any party hereto unless and until reduced in writing and signed by each of the Parties hereto.

14. **Nonwaiver.** Any nonenforcement of this Agreement does not and may not be considered or construed as a waiver of any provision of the Agreement.

15. **Authority to Execute.** Each of the undersigned represents, warrants, and states that they are fully authorized to execute this Settlement Agreement and Release and the terms and conditions contained herein are binding.

16. **Construction**. This Agreement has been subject to negotiations and discussions between the Parties and their counsel. It has been, and shall be construed to have been, drafted by all Parties to it, so that any rule construing ambiguities against the drafter shall have no force and effect.

17. **Severability**. In the event that one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect by a court of competent jurisdiction, such invalidity, illegality, or unenforceability shall not affect any other provisions of this Agreement unless the absence of the provision or provisions which are invalid, illegal, or unenforceable shall substantially impair the value of the whole Agreement to one, or more, Party hereto.

18. **Jurisdiction.** The parties agree that Menominee County Circuit Court Judge Barglind retains jurisdiction to enforce the Agreement and decide disputes.

The Parties have duly executed this Settlement Agreement and Release, which is effective on the latest date written below.

**APPROVED BY PLAINTIFFS:**

NU GROUP, LLC

By *Sheraz Warraich*
Its *Manager*
Date: 5-25-2023

*[signature]*
Jacqueline Langwith (P79600)
POLLICELLA, PLLC
Attorneys for Plaintiff NU Group, LLC
jackie@pollicella.net
Date: 5-25-2023

HIGHWIRE FARMS, LLC

By
Its
Date:

_____
Tamaris L. M. Henagan (P81968)
Attorney for Plaintiff Highwire Farms, LLC
(517) 759-3640
Date:

ATTITUDE WELLNESS, LLC

By
Its
Date:

_____
Kevin M. Blair (P76927)
HONIGMAN LLP
Attorneys for Plaintiff Attitude Wellness, LLC
kblair@honigman.com
Date:

O.I. HOLDINGS, LLC and HIGHER LOVE CORPORATION, INC

By
Its
Date:

_____
Joseph C. Jones (P79964)
JONES LAW, PLC
Attorneys for Plaintiffs O.I. Holdings LLC and Higher Love Corporation, Inc.
joe@jones.law
Date:

ROCKY NORTH, LLC

By
Its
Date:

The Parties have duly executed this Settlement Agreement and Release, which is effective on the latest date written below.

**APPROVED BY PLAINTIFFS:**

NU GROUP, LLC

By _____
Its
Date:

---

Jacqueline Langwith (P79600)
POLLICELLA, PLLC
Attorneys for Plaintiff NU Group, LLC
jackie@pollicella.net
Date:

HIGHWIRE FARMS, LLC

By _____
Its
Date:

---

Tamaris L. M. Henagan (P81968)
Attorney for Plaintiff Highwire Farms, LLC
(517) 759-3640
Date:

ATTITUDE WELLNESS, LLC

By *Douglas Hellyar*
Douglas Hellyar
Its President
Date: 5-25-23

---

*[signature]*
Kevin M. Blair (P76927)
HONIGMAN LLP
Attorneys for Plaintiff Attitude Wellness, LLC
kblair@honigman.com
Date: 5/25/23

O.I. HOLDINGS, LLC and HIGHER LOVE CORPORATION, INC

By _____
Its
Date:

---

Joseph C. Jones (P79964)
JONES LAW, PLC
Attorneys for Plaintiffs O.I. Holdings LLC and Higher Love Corporation, Inc.
joe@jones.law
Date:

ROCKY NORTH, LLC

By _____
Its
Date:

The Parties have duly executed this Settlement Agreement and Release, which is effective on the latest date written below.

**APPROVED BY PLAINTIFFS:**

| NU GROUP, LLC | ATTITUDE WELLNESS, LLC |
|---|---|
| _____ | _____ |
| By | By |
| Its | Its |
| Date: | Date: |

_____ _____
Jacqueline Langwith (P79600)        Kevin M. Blair (P76927)
POLLICELLA, PLLC                    HONIGMAN LLP
Attorneys for Plaintiff NU Group, LLC   Attorneys for Plaintiff Attitude Wellness, LLC
jackie@pollicella.net               kblair@honigman.com
Date:                               Date:

HIGHWIRE FARMS, LLC                 O.I. HOLDINGS, LLC and HIGHER LOVE
                                    CORPORATION, INC

_E. Kennedy (May 25, 2023 14:02 EDT)_ _____
By Eric Kennedy                     By
Its COO                             Its
Date: May 25, 2023                  Date:

_Tamaris Henagan (May 25, 2023 09:38 EDT)_ _____
Tamaris L. M. Henagan (P81968)      Joseph C. Jones (P79964)
Attorney for Plaintiff Highwire Farms, LLC  JONES LAW, PLC
(517) 759-3640                      Attorneys for Plaintiffs O.I. Holdings LLC and
Date: May 25, 2023                  Higher Love Corporation, Inc.
                                    joe@jones.law
                                    Date:

ROCKY NORTH, LLC

_____
By
Its
Date:

The Parties have duly executed this Settlement Agreement and Release, which is effective on the latest date written below.

**APPROVED BY PLAINTIFFS:**

| | |
|---|---|
| NU GROUP, LLC | ATTITUDE WELLNESS, LLC |
| _____ | _____ |
| By | By |
| Its | Its |
| Date: | Date: |

_____  
Jacqueline Langwith (P79600)  
POLLICELLA, PLLC  
Attorneys for Plaintiff NU Group, LLC  
jackie@pollicella.net  
Date:

_____  
Kevin M. Blair (P76927)  
HONIGMAN LLP  
Attorneys for Plaintiff Attitude Wellness, LLC  
kblair@honigman.com  
Date:

HIGHWIRE FARMS, LLC

O.I. HOLDINGS, LLC and HIGHER LOVE CORPORATION, INC

_____  
By  
Its  
Date:

*Joni Moore*  
By Joni Moore  
Its  President  
Date: 5/25/2023

_____  
Tamaris L. M. Henagan (P81968)  
Attorney for Plaintiff Highwire Farms, LLC  
(517) 759-3640  
Date:

*Joseph C Jones*  
Joseph C. Jones (P79964)  
JONES LAW, PLC  
Attorneys for Plaintiffs O.I. Holdings LLC and Higher Love Corporation, Inc.  
joe@jones.law  
Date: 5/25/2023

ROCKY NORTH, LLC

_____  
By  
Its  
Date:

The Parties have duly executed this Settlement Agreement and Release, which is effective on the latest date written below.

**APPROVED BY PLAINTIFFS:**

| | |
|---|---|
| NU GROUP, LLC | ATTITUDE WELLNESS, LLC |
| <br>By<br>Its<br>Date: | <br>By<br>Its<br>Date: |
| <br>Jacqueline Langwith (P79600)<br>POLLICELLA, PLLC<br>Attorneys for Plaintiff NU Group, LLC<br>jackie@pollicella.net<br>Date: | <br>Kevin M. Blair (P76927)<br>HONIGMAN LLP<br>Attorneys for Plaintiff Attitude Wellness, LLC<br>kblair@honigman.com<br>Date: |
| HIGHWIRE FARMS, LLC | O.I. HOLDINGS, LLC and HIGHER LOVE CORPORATION, INC |
| <br>By<br>Its<br>Date: | <br>By<br>Its<br>Date: |
| <br>Tamaris L. M. Henagan (P81968)<br>Attorney for Plaintiff Highwire Farms, LLC<br>(517) 759-3640<br>Date: | <br>Joseph C. Jones (P79964)<br>JONES LAW, PLC<br>Attorneys for Plaintiffs O.I. Holdings LLC and Higher Love Corporation, Inc.<br>joe@jones.law<br>Date: |

ROCKY NORTH, LLC

By *Rocky Denha*
Its *Member*
Date: 5-25-2023

**APPROVED ON BEHALF OF THE CITY AFTER APPROVAL
BY THE MENOMINEE CITY COUNCIL BY RESOLUTION:**

|  |  |
|---|---|
| /s/ Matthew W. Cross<br>_____<br>Matthew W. Cross (P77526)<br>PLUNKETT COONEY<br>Attorney for Defendants<br>406 Bay Street, Suite 300<br>Petoskey, MI 49770<br>(231) 348-6430<br>mcross@plunkettcooney.com<br>Date: | CITY OF MENOMINEE, a Michigan<br>Municipal Corporation<br><br>_____<br>By:<br>Its: Authorized Representative<br>Date: |

Open.00560.15745.31154940-1