**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

FIRST PROPERTY HOLDINGS, LLC
d/b/a RIZE, a Michigan limited liability
company, and THE FIRE STATION, LLC,
a Michigan limited liability company,
Plaintiffs,

v.

**Case No. 2:23-cv-161**

**Hon. Robert J. Jonker**

CITY OF MENOMINEE, a Michigan municipal
corporation, O.I HOLDINGS, LLC, A Michigan
limited liability company, HIGHER LOVE
CORPORATION, INC., a Michigan corporation,
HIGHWIRE FARMS, LLC, a Michigan limited
liability company, NU GROUP, LLC, a Michigan
limited liability company, and ROCKY NORTH,
LLC, a Michigan limited liability company,

Defendants.

---

**PLAINTIFFS' OPENING BRIEF PURSUANT TO
ORDER FOR BRIEFING (ECF NO. 26)**

Plaintiffs First Property Holdings, LLC d/b/a RIZE ("RIZE") and The Fire Station, LLC ("The Fire Station") (collectively, "Plaintiffs") submit the following Opening Brief to address the two issues raised in the Court's Order for Briefing (ECF No. 26).

Plaintiffs initiated these proceedings to seek, primarily, relief from the enforcement of an illegal settlement agreement entered into by and among Defendants and the resulting cannabis licensing ordinance that was required under the agreement. The City and Defendants, in the process of entering into the settlement agreement and passing the ordinance to uncap marijuana licenses in the City (the "Uncapping Ordinance") disparately treated Plaintiffs from those similarly situated and otherwise detrimentally impacted Plaintiffs' interest in their licenses issued under the City's original marijuana ordinance limited available licenses to two (the "Original Ordinance"). Plaintiffs invoked the Court's jurisdiction pursuant to federal question as opposed to diversity by

1

alleging Constitutional claims for equal protection, due process, and taking violations, together with permissive state-law claims under supplemental jurisdiction.

Although the subject matter of the underlying dispute pertains to municipal licensing for cannabis retail operations, Plaintiffs' Complaint does not run afoul of the Controlled Substance Act as the main relief sought (i.e. invalidation of the settlement agreement and resulting ordinance) does not violate federal marijuana laws. This Court ordered, nonetheless, that the parties to submit briefing to address two issues given that the case involves cannabis licensing: 1) Whether a stay of the proceedings is appropriate under abstention principles given the divergence between federal and Michigan state laws on cannabis; and 2) Whether the fact that the underlying dispute involves cannabis precludes Plaintiffs from bringing claims before this Court. The City of Menominee (the "City") rendered the first issue moot when it filed a Motion to Stay, and all parties concurred with the same, to permit a state litigation proceeding involving the same parties and similar operative facts to resolve first. The parties have agreed that staying the current proceedings is prudent under the circumstances, and thus, abstention is proper.

As to the second issue presented by the Court, numerous jurisdictions have permitted constitutional challenges in federal court to municipal cannabis related ordinances. *See, e.g., Attitude Wellness, LLC v. Village of Pinckney*, 606 F. Supp. 3d 624, 632 (E.D. Mich. 2022) (finding that Lume was likely to success on its dormant Commerce Clause challenge to the municipality's cannabis licensing matrix); *Toigo v. Dep't of Health & Senior Servs.*, 549 F. Supp. 3d 985, 996 (W.D. Mo. 2021) (granting preliminary injunction enjoining enforcement of durational residency requirement as condition for cannabis licensing); *Ne. Patients Grp. V. Maine Dep't of Admin. & Fin. Servs.*, 554 F. Supp. 3d 177 (D. Me. 2021); *Lowe v. City of Detroit*, 544 F. Supp. 3d 804 (E.D. Mich. 2021). However, in its Order (ECF No. 26) the Court identified recent case holdings, which

delineate Fourteenth Amendment based cases from that of dormant Commerce Clause. Particularly, as explained in *Viridis Lab'ys, LLC v. Kluytman*, No. 1:22-CV-283, 2023 WL 4861698 (W.D. Mich. July 31, 2023) federal courts have declined to hear proceedings involving cannabis licenses because unlike Michigan state law, federal law does not recognize a cannabis license to be a protected property interest. *See also Kent v. County of Yolo*, 411 F. Supp. 3d 1118 (E.D. Cal. 2019). While the Supreme Court has maintained that no person can have legally protectable property interest in per se contraband, neither it nor the Sixth Circuit has directly addressed the circumstances present in these proceedings. *See U.S. v. Jeffers*, 342 U.S. 48, 53-54 (1951).

Nonetheless, given the divergence in law between state precedent and federal holdings regarding protected interests in licensing, Plaintiffs recognize that the Court may decline hearing the Constitutional claims as well as the pendent state-law claims. Michigan law does recognize a protected property interest in an awarded licensing, including those associated with cannabis, and therefore, abstention in favor proceeding with the claims in the Menominee County Circuit Court is appropriate. *See Stirling Hort, LLC v. Industrial Ventilation, Inc.*, No. C22-1155-JCC, 2023 WL 3866702 (W.D. Wash. June 7, 2023) (abstaining and referring to state court because exercise of federal review could be disruptive to state efforts to establish a coherent policy with respect to policy concerning marijuana); *see also Bundo v. Walled Lake*, 395 Mich. 679, 688-96, 238 N.W.2d 154 (1976); *Cary Investments, LLC v. City of Mount Pleasant*, 342 Mich. App. 304, 994 N.W. 2d 802 (2022).

Therefore, Plaintiffs respectfully submit that it is appropriate for this Court to abstain from exercising jurisdiction given the differences in the way the State of Michigan and the federal government treat marijuana.

Respectfully submitted,


/s/ Michael Cox
Michael A. Cox (P43039)
Jason M. Schneider (P79296)
The Mike Cox Law Firm, PLLC
Attorney for RIZE
17430 Laurel Park Drive North, Suite 120E
Livonia, Michigan 48152
mc@mikecoxlaw.com
jschneider@mikecoxlaw.com

John R. Turner (P38563)
Attorney for RIZE
321 E. Lake St., PO Box 2396
Petoskey, MI 49770
(231) 348-4500
jrtlaw@umich.ed

/s/ James Martone
James A. Martone (P77601)
Dickinson Wright PLLC
Attorneys  for Plaintiff The Fire Station
2600 W. Big Beaver Rd., Ste. 300
Troy, Michigan 48084
(248) 433-7200
jmartone@dickinsonwright.com


Dated: December 20, 2023

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 20, 2023, a copy of the foregoing pleading, with any and all attachments, was filed electronically with the clerk of court via CM/ECF which will send notice of electronic filing to all counsel of record.

<u>/s/ James Martone</u>
James Martone
Dickinson Wright PLLC

1