IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

FIRST PROPERTY HOLDINGS, LLC
d/b/a RIZE, a Michigan limited
liability company, and THE FIRE
STATTION, LLC, a Michigan limited
liability company,

        Plaintiffs,        Case No. 2:23-cv-00161

v        Hon. Robert J. Jonker

CITY OF MENOMINEE, a Michigan
municipal corporation, O.I
HOLDINGS, LLC, a Michigan limited
liability company, HIGHER LOVE
CORPORATION, INC., a Michigan
corporation, HIGHWIRE FARMS,
LLC, a Michigan limited liability
company, NU GROUP, LLC, a
Michigan limited liability company,
and ROCKY NORTH, LLC, a
Michigan limited liability company,

        Defendants.

| | |
|---|---|
| Michael A. Cox (P43039)<br>THE MIKE COX LAW FIRM, PLLC<br>17430 Laurel Park Dr. North, Ste. 120E<br>Livonia, MI 48152<br>(734) 591-4002<br>mc@mikecoxlaw.com<br>*Attorney for Plaintiff First Property Holdings, LLC d/b/a RIZE* | Joslin Monahan (P77362)<br>Emily Palacios (P64941)<br>MILLER JOHNSON<br>45 Ottawa Avenue SW Suite 1100<br>Grand Rapids, MI 49503<br>(616) 831-1700<br>monahanj@millerjohnson.com<br>palaciose@millerjohnson.com<br>*Attorneys for Defendant O.I. Holdings, LLC and Higher Love Corporation, Inc.* |

1

John R. Turner (P38563)
321 E. Lake St.
Petoskey, MI 49770
(213) 348-4500
jtrlaw@umich.edu
*Attorney for Plaintiff First Property Holdings, LLC d/b/a RIZE*

Charles L. Bogren (P82824)
Michael S. Bogren (P34835)
James W. Lamb (P84657)
PLUNKETT COONEY
333 Bridge N.W. Suite 530
Grand Rapids, MI 49504
(616) 752-4600
cbogren@plunkettcooney.com
mbogren@plunkettcooney.com
jlamb@plunkettcooney.com
*Attorneys for Defendant City of Menominee*

James A. Martone (P77601)
Maureen J. Moody (P85032)
DICKINSON WRIGHT PLLC
2600 W. Big Beaver Rd., Ste. 300
Troy, MI 48084
(248) 433-7200
jmartone@dickensonwright.com
mmoody@dickensonwright.com
*Attorneys for Plaintiff The Fire Station*

Nicholas Tatro (P79146)
FOLEY BARON METZGER JUIP
3877 6 Mile Road, Suite 300
Livonia, MI 48152
(734) 742-1800
ntarto@fbmjlaw.com
*Attorney for Defendant Highwire Farms, LLC*

Brian E. Etzel (P84905)
Jeremy Manson (P76920)
WILLIAMS, WILLIAMS, RATTNER & PLUNKETT P.C.
380 N. Old Woodward Avenue, Suite 300
Birmingham, MI 48009
(248) 642-0333
bee@wwrplaw.com
JMManson@WWRPLaw.com
*Attorneys for Defendant Rocky North, LLC*

Jacqueline Langwith (P79600)
POLLICELLA, PLLC
4312 E. Grand River Avenue
Howell, MI 48843
(517) 546-1181
jackie@pollicella.net
jackie@plglaw.us
*Attorney for NU Group, LLC*

# DEFENDANTS, O.I. HOLDINGS, LLC, HIGHER LOVE CORPORATION, INC., ROCKY NORTH, LLC AND NU GROUP, LLC'S COMBINED FINAL BRIEF IN RESPONSE TO *ORDER FOR BRIEFING*

I. <u>Summary of the Parties' December 20, 2023 briefs and positions</u>.

On December 20, 2023 the parties filed briefs in response to the Court's *Order for Briefing*. Defendant Highwire's brief argued that courts lack subject matter jurisdiction to adjudicate federal claims predicated on injury or damage traceable to cannabis activity. Highwire also concurred in Defendant City's Motion for Stay of Proceedings.

The City's brief reasserted its argument for a stay based on various abstention doctrines and also argued that it would be proper for the Court to find Plaintiffs have no pathway to pursue their federal claims.

The Combined Defendants (Higher Love Corp. Inc, OI Holdings LLC, Rocky North LLC, and NU Group LLC) argued, in response to the Court's stated question, that there is no pathway for Plaintiffs to bring their claims where federal law designates marijuana as contraband for all purposes and cited numerous cases. The Combined Defendants did not provide further analysis of federal abstention given that on December 13, 2023, Rize and The Fire Station ("TFS") concurred with Defendant City's Motion for Stay of Proceedings under federal abstention doctrines. Specifically, Rize and TFS have concurred with the deferral-type abstention "[f]or

3

practical reasons." Upon closer review, however, Combined Defendants now suggest to the Court that abstention is not proper even in light of prior willingness by parties to stay this proceeding. Instead, dismissal with prejudice as to federal claims, and without prejudice as to state claims, is appropriate.

For its December 20 brief, the Plaintiffs argued that abstention was moot since all parties had concurred with the City's Motion for Stay of Proceedings. As to the second issue (i.e., a path forward for federal claims), Plaintiffs pointed to dormant Commerce Clause cases where federal courts have granted preliminary relief – or entertained claims for relief – from owner residency requirements allegedly in violation of the dormant Commerce Clause. Plaintiffs suggested that the Court is not precluded from adjudicating their claims because neither the U.S. Supreme Court nor the Sixth Circuit "has directly addressed the circumstances present in these proceedings."  Below, the Combined Defendants explain that abstention is not logically possible where jurisdiction is lacking, as here. Combined Defendants also explain that dormant Commerce Clause cases do not control the instant analysis.

II.   Discussion

Plaintiffs' lawsuit is predicated on and dependent on the existence of viable federal claims. Yet, Plaintiffs' federal claims are not viable until cannabis is no longer contraband under the Controlled Substances Act ("CSA"). Thus, the

4

entirety of Plaintiffs' lawsuit should be dismissed, with the federal claims being dismissed with prejudice.

> A. <u>Dismissal is procedurally and substantively proper; abstention requires the court to have jurisdiction in the first place, which the court does not have over Plaintiffs' lawsuit.</u>

Plaintiffs' weakly offer that their claims are not really predicated on lost cannabis sales or their cannabis licenses, but rather on "invalidation of the settlement agreement and resulting ordinance." Plaintiffs' statement in this regard is **not** accurate as to the legal principles Plaintiffs invoke to support invalidating the settlement agreement or ordinance.

Specifically, Plaintiffs allege a violation of their Fifth Amendment and Fourteenth Amendment rights **and invoke this Court's jurisdiction exclusively on the basis of those alleged rights**. See e.g., Compl., ECF No. 1, PageID 3-4, ¶ 11. Likewise, Plaintiffs seek invalidation of the settlement agreement and ordinance **because the settlement agreement and ordinance violate their federal rights under the Fifth and Fourteenth amendments, and not under any other legal doctrine**. Plaintiffs simply offer no legal theories, other than the federal constitutional theories, for the invalidation they seek. (The state law tort claims (Counts VI and VIII) are neither a basis for invalidation of the settlement agreement and ordinance, nor can they confer jurisdiction in this Court.)

But as reflected in the Joint Status Report (ECF No. 19, PageID 470, 475-6) and the *Order for Briefing* (ECF No. 26), there is no federal right to possess, use, or profit from cannabis in any way under federal law, and certainly there are no constitutional rights to do so. In fact, Plaintiffs themselves erroneously rely on a case that confirms that contraband is illegal for all purposes. *U.S. v. Jeffers*, 342 U.S. 48, 53-54 (1951) (noting that although there is no right to the return of seized contraband, the government nonetheless must obtain a warrant in order to enter and seize). Despite opportunity, Plaintiffs have been altogether unable to point to a single case where a court indicated the existence of a Fifth or Fourteenth Amendment right to cannabis. Because such claims are the sole basis for this Court to exercise of jurisdiction, Plaintiffs' efforts to invoke jurisdiction cannot succeed. Lack of subject matter jurisdiction means this case should be dismissed – not stayed.

In addition, certain counts much be dismissed **with prejudice**. The absence of a federal right in this case also means that Plaintiffs can have no cognizable injury; without injury, there is never standing or case or controversy. *Georgia Atlas, Inc. v. Turnage*, ___F.Supp.3d ___; 2022 WL 903195 (N.D.Ga. March 28, 2022) (dismissing s1983 claims alleging unfair cannabis license application process because in the absence of a federal constitutional or statutory right to manufacture, distribute, or possess marijuana, there is no injury in fact based on failure to receive license and stating that "[t]he Court fails to see how it could

ever have the authority to adjudicate the fairness of a process seeking to do things that are outright forbidden under federal law."); *Schmidt v. Cnty. of Nevada*, No. 2:10-CV-3022 FCD/EFB, 2011 WL 2967786, at *7 (E.D. Cal. July 19, 2011) (citing *Barnum Timber Co.,* 633 F.3d at 897–98 and stating that without harm to a legally protected interest there is no injury-in-fact); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (discussing standing and existence of case and controversy as a requirement for relief from court).

To conclude, without jurisdiction in the first instance, abstention is improper and unavailable. It is axiomatic that in order for a court to abstain from exercising its jurisdiction, jurisdiction must first be established – there must be jurisdiction from which to abstain from exercising. Here, however, there is no such jurisdiction. Thus, the proper course is a dismissal with prejudice of Plaintiffs' federal claims because this court lacks subject matter jurisdiction and because the counts present no real case or controversy; until the CSA is amended, claims based on federal rights in cannabis cannot and will not present actual cases or controversies. Plaintiffs' state law claims may be dismissed without prejudice.

As a final matter, the dormant Commerce Clause cases cited by Plaintiffs are not controlling because that clause is not at issue here as a basis for jurisdiction or injury, and the dormant Commerce Clause is triggered even where there is an indirect effect on interstate commerce. *Brown-Forman Distillers Corp. v.*

7

*N.Y. State Liquor Auth.*, 476 U.S. 573 (1986). Thus, when a state adopts protectionist residency requirements for owners of cannabis companies, the dormant Commerce Clause is also triggered as to ancillary services implicated in the industry (not just those based on contraband) and that are unfairly discriminated against due to the protectionist residency requirements.

                         Respectfully Submitted,

                         Combined Defendants:
                         *Defendant O.I. Holdings, LLC,*
                         *Higher Love Corporation, Inc.,*
                         *Rocky North, LLC*
                         *and Defendant NU Group, LLC*

| /s/ Brian Etzel | /s/ Joslin Monahan |
|---|---|
| Brian E. Etzel (P84905) | Joslin Monahan (P77362) |
| Jeremy Manson (P76920) | MILLER JOHNSON |
| WILLIAMS, WILLIAMS, RATTNER & PLUNKETT P.C. | 45 Ottawa Avenue SW Suite 1100 |
| 380 N. Old Woodward Avenue, Suite 300 | Grand Rapids, MI 49503 |
| Birmingham, MI 48009 | *Attorneys for Defendant O.I. Holdings, LLC and Higher Love Corporation, Inc.* |
| *Attorneys for Defendant Rocky North, LLC* | |
| | /s/ Jacqueline Langwith |
| | Jacqueline Langwith (P79600) |
| | POLLICELLA, PLLC |
| | 4312 E. Grand River Avenue |
| | Howell, MI 48843 |
| | *Attorney for NU Group, LLC* |

8

MJ_DMS 37261050v1