UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

FIRST PROPERTY HOLDINGS, LLC
d/b/a RIZE, a Michigan limited liability
company, and THE FIRE STATION, LLC,
a Michigan limited liability company,

        Plaintiffs,

v

CITY OF MENOMINEE, a Michigan municipal corporation, O.I HOLDINGS, LLC, A Michigan limited liability company, HIGHER LOVE CORPORATION, INC., a Michigan corporation, HIGHWIRE FARMS, LLC, a Michigan limited liability company, NU GROUP, LLC, a Michigan limited liability company, and ROCKY NORTH, LLC, a Michigan limited liability company.

        Defendants,

Case No. 23-cv-00161
Hon. Robert J. Jonker

---

**PLAINTIFFS' MOTION TO FILE REPLY BRIEF
IN CONNECTION WITH COURT'S ORDER FOR BRIEFING (ECF NO. 26)**

Plaintiffs First Property Holdings, LLC d/b/a RIZE ("RIZE") and The Fire Station, LLC ("The Fire Station") (collectively, "Plaintiffs") submit this Motion for Leave to File a Reply Brief in connection with the Court's November 28, 2023 Order for Briefing. In support of their Motion, Plaintiffs rely on the facts and authority in their accompanying Brief.

1

Respectfully submitted,

| | |
|---|---|
| **THE MIKE COX LAW FIRM, PLLC,** | **DICKINSON WRIGHT PLLC** |
| By:     /s/ Michael A. Cox | By:     /s/ James A. Martone |
| Michael A. Cox (P43039) | James A. Martone (P77601) |
| Jason M. Schneider (P79296) | Maureen J. Moody (P85032) |
| Attorneys for RIZE | Attorneys for The Fire Station LLC |
| 17430 Laurel Park Dr., North, Suite 120 E | 2600 W. Big Beaver Rd., Ste. 300 |
| Livonia, MI 48152 | Troy, MI 48084 |
| Phone: (734) 591-4002 | (248) 433-7200 |
| Fax: (734) 591-4006 | jmartone@dickinsonwright.com |
| mc@mikecoxlaw.com | mmoodv@dickinsonwright.com |
| jschneider@mikecoxlaw.com | |

**JOHN R. TURNER PLC**

By: /s/ John R. Turner
John R. Turner (P38563)
Attorney for RIZE
321 East Lake Street
PO Box 2396
Petoskey, MI 49770
(231) 348-4500
jrtlaw@umich.edu

Dated: January 24, 2024

    IT IS SO ORDERED.

Dated:  January 29, 2024                                       /s/ Robert J. Jonker
                                                                                  HON. ROBER J. JONKER
                                                                                 U.S. DISTRICT COURT JUDGE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

FIRST PROPERTY HOLDINGS, LLC
d/b/a RIZE, a Michigan limited liability
company, and THE FIRE STATION, LLC,
a Michigan limited liability company,

        Plaintiffs,

v

CITY OF MENOMINEE, a Michigan municipal corporation, O.I HOLDINGS, LLC, A Michigan limited liability company, HIGHER LOVE CORPORATION, INC., a Michigan corporation, HIGHWIRE FARMS, LLC, a Michigan limited liability company, NU GROUP, LLC, a Michigan limited liability company, and ROCKY NORTH, LLC, a Michigan limited liability company.

        Defendants,

Case No. 23-cv-00161
Hon. Robert J. Jonker

**BRIEF IN SUPPORT OF
PLAINTIFFS' MOTION TO FILE REPLY BRIEF
IN CONNECTION WITH COURT'S ORDER FOR BRIEFING (ECF NO. 26)**

Defendants O.I. Holdings, LLC/Higher Love Corporation, Inc. (collectively "Higher Love"), NU Group, LLC ("Nu Group"), and Rocky North, LLC, ("Rocky North") filed a Response Brief on January 10, 2024 pursuant to the Court's November 28, 2023 Order for Briefing. In their Response, those Defendants argued for the first time that any dismissal of Plaintiffs' claims for lack of subject-matter jurisdiction should be **with prejudice**.[1]

As detailed in the proposed Reply Brief attached to this Motion as **Exhibit A**, Defendants' argument misstates Sixth Circuit precedent on the effect of a dismissal for lack of subject-matter

---

[1] Joint Response Brief, ECF No. 38, at 6.

3

jurisdiction—it is well established in the Sixth Circuit that such dismissals should be **without prejudice**.

W.D. Mich LCivR 7.3(c) provides that reply briefs related to non-dispositive motions can only be filed with leave of the court. As Defendants raised this issue for the first time in their Response Brief and have misstated Sixth Circuit precedent, Plaintiffs respectfully submit that it would be appropriate for the Court to permit filing of Plaintiffs' proposed Reply Brief to correct the confusion that Defendants have attempted to create on the effect of a dismissal for lack of subject-matter jurisdiction.

Respectfully submitted,

| | |
|---|---|
| **THE MIKE COX LAW FIRM, PLLC,** | **DICKINSON WRIGHT PLLC** |
| By: /s/ Michael A. Cox | By: /s/ James A. Martone |
| Michael A. Cox (P43039) | James A. Martone (P77601) |
| Jason M. Schneider (P79296) | Maureen J. Moody (P85032) |
| Attorneys for RIZE | Attorneys for The Fire Station LLC |
| 17430 Laurel Park Dr., North, Suite 120 E | 2600 W. Big Beaver Rd., Ste. 300 |
| Livonia, MI 48152 | Troy, MI 48084 |
| Phone: (734) 591-4002 | (248) 433-7200 |
| Fax: (734) 591-4006 | jmartone@dickinsonwright.com |
| mc@mikecoxlaw.com | mmoodv@dickinsonwright.com |
| jschneider@mikecoxlaw.com | |

**JOHN R. TURNER PLC**

By: /s/ John R. Turner
John R. Turner (P38563)
Attorney for RIZE
321 East Lake Street
PO Box 2396
Petoskey, MI 49770
(231) 348-4500
jrtlaw@umich.edu

Dated: January 24, 2024

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

FIRST PROPERTY HOLDINGS, LLC
d/b/a RIZE, a Michigan limited liability
company, and THE FIRE STATION, LLC,
a Michigan limited liability company,

        Plaintiffs,

v

Case No. 23-cv-00161
Hon. Robert J. Jonker

CITY OF MENOMINEE, a Michigan municipal
corporation, O.I HOLDINGS, LLC, A Michigan
limited liability company, HIGHER LOVE
CORPORATION, INC., a Michigan corporation,
HIGHWIRE FARMS, LLC, a Michigan limited
liability company, NU GROUP, LLC, a Michigan
limited liability company, and ROCKY NORTH,
LLC, a Michigan limited liability company.

        Defendants,

## PLAINTIFFS' REPLY BRIEF REGARDING
## ORDER FOR BRIEFING (ECF NO. 26)

Plaintiffs First Property Holdings, LLC d/b/a RIZE ("RIZE") and The Fire Station, LLC ("The Fire Station") (collectively, "Plaintiffs") respectfully submit this Reply Brief for the limited purpose of addressing the arguments made by Defendants O.I. Holdings, LLC/Higher Love Corporation, Inc. (collectively "Higher Love"), NU Group, LLC ("Nu Group"), and Rocky North, LLC, ("Rocky North") that the Court should dismiss Plaintiffs' federal claims with prejudice.

On January 10, 2024, Higher Love, Nu Group, and Rocky North filed a Response Brief pursuant to the Court's November 28, 2023 Order for Briefing.[1] In their response, those Defendants argued (for the first time) that "certain counts much (sich) be dismissed **with**

---

[1] ECF No. 26.

1

**prejudice**."[2] The basis for their contention is "The absence of a federal right in this case also means that Plaintiffs can have no cognizable injury; without injury, there is never standing or case or controversy."[3] They argue further that "the proper course is a dismissal with prejudice of Plaintiffs' federal claims because this court lack subject matter jurisdiction and because the counts present no real case or controversy."[4]

Contrary to the Defendants' arguments, Sixth Circuit precedent requires dismissal **without** prejudice when dismissal is based on lack of subject-matter jurisdiction. As the Sixth Circuit has stated in discussing the difference between a motion to dismiss for lack of subject-matter jurisdiction and a motion to dismiss for failure to state a claim: "the primary difference between Rule 12(b)(1) [dismissal for lack of subject-matter jurisdiction] and 12(b)(6) is not in the procedures used but in the effect the ruling will have upon the parties. A dismissal under Rule 12(b)(1) *allows for the possibility of repleading the action* to bring it within the subject matter jurisdiction of some court."[5] The rationale for this rule is that when a court lacks subject-matter jurisdiction, "by definition the court lacks power to reach the merits of the case."[6] Based on this reasoning, as a court in the U.S. District for the Eastern District of Michigan has observed, "The United States Court of Appeals for the Sixth Circuit has consistently held that dismissal for a lack of subject matter jurisdiction, including a lack of constitutional standing under Article III, mandates a dismissal without prejudice."[7]

---

[2] Joint Response Brief, ECF No. 38, at 6 (emphasis in original).
[3] *Id.*
[4] *Id.* at 7.
[5] *Ohio Nat. Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (1990) (emphasis added).
[6] *Revere v. Wilmington Finance*, 406 Fed. App'x 936, 937 (6th Cir. 2011).
[7] *Marks v. Schafer and Weiner, PLC*, 2022 WL 866836, at *5 (E.D. Mich. March 23, 2022).

2

Thus, based on well-established Sixth Circuit precedent, if the Court decides to dismiss this matter for lack of subject-matter jurisdiction, the dismissal should be without prejudice.

Respectfully submitted,

| | |
|---|---|
| **THE MIKE COX LAW FIRM, PLLC,** | **DICKINSON WRIGHT PLLC** |
| By:   /s/ Michael A. Cox | By:    /s/ James A. Martone |
| Michael A. Cox (P43039) | James A. Martone (P77601) |
| Jason M. Schneider (P79296) | Maureen J. Moody (P85032) |
| Attorneys for RIZE | Attorneys for The Fire Station LLC |
| 17430 Laurel Park Dr., North, Suite 120 E | 2600 W. Big Beaver Rd., Ste. 300 |
| Livonia, MI 48152 | Troy, MI 48084 |
| Phone: (734) 591-4002 | (248) 433-7200 |
| Fax: (734) 591-4006 | jmartone@dickinsonwright.com |
| mc@mikecoxlaw.com | mmoodv@dickinsonwright.com |
| jschneider@mikecoxlaw.com | |

**JOHN R. TURNER PLC**

By: /s/ John R. Turner
John R. Turner (P38563)
Attorney for RIZE
321 East Lake Street
PO Box 2396
Petoskey, MI 49770
(231) 348-4500
jrtlaw@umich.edu

Dated: January 24, 2024

3