UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FIRST PROPERTY HOLDINGS, LLC, et al.,

    Plaintiffs,

v.

    CASE No. 2:23-cv-161

    HON. ROBERT J. JONKER

CITY OF MENOMINEE, et al.,

    Defendants.

_____/

## **ORDER**

    This case is about local government retail licenses for the sale of recreational marijuana. In 2021, the City of Menominee awarded the two plaintiffs in this case the two licenses the city decided to issue for the sale of marijuana within the city limits. Several other interested retailers lost out on their bids for a license, and those retailers sued the city in state court. That resulted in a settlement agreement under which the city uncapped the number of permits for the sale of recreational marijuana. It appears that case, and another state court lawsuit, are still pending in the state system. The dispute entered the federal sphere on August 21, 2023, when Plaintiffs—the original licensees—filed this case against the city and the other retailers alleging various federal and state law claims related to conduct during the state litigation; the eventual Settlement Agreement; and the subsequent change in the city's ordinance to uncap its retail licenses to sell adult use recreational marijuana.

    This Court has previously noted its ongoing concerns about its jurisdiction to proceed in a case like this involving retail licenses for the sale of a substance that under federal law is contraband for any purpose. (ECF No. 26). The parties have ably briefed the issues the Court has

asked the parties to brief and some of the defendants have requested the Court either abstain or dismiss the case. Plaintiffs disagree that the case should be dismissed. But one thing that all parties, now, appear to agree on is that this case should not proceed at this time, and that the Court ought to enter the stay requested in the City's August 22, 2023 motion. (*See* City of Menominee's Motion to Stay, ECF No. 21; Certificate of Compliance, ECF No. 23 (indicating remaining defendants concur in a stay); Plaintiff's Response, ECF No. 30 (indicating the two plaintiffs concur in the stay)).

A district court's power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997). "A district court may be asked to stay its own proceedings at many points and for many reasons." 15A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3914.13 (3d ed. 2022). A district court has discretion whether to grant a stay of proceedings. *Ohio Environmental Council v. United States District Court,* 565 F.2d 393, 396 (6th Cir.1977).

This Court agrees that a stay of federal proceedings is the most prudent course at this time. No party wants to proceed with the federal case at this time. By waiting to see how other actions proceed and potentially resolve, it will be possible for the parties and the Court to avoid, at least for the time being, devoting resources to a series of legal issue that may actually never need to be resolved in this case. And if developments ultimately call for the parties and the Court to confront those issues, there will opportunity to do so in the future without prejudice to any interested party.

Accordingly, the present action is stayed pending further proceedings in the state court. The parties shall file a status report with the Court on April 30, 2024, and continuing every ninety-day period thereafter, setting out the status of related state court proceedings. If at any time a party believes that the stay is no longer warranted or beneficial, then the party may serve a motion seeking an end to the stay. Any party opposed may respond as provided by Rule. The Rule 16 scheduling conference currently set for February 6, 2024, is cancelled, and all pending motions termed.

**IT IS SO ORDERED.**

Dated:   January 31, 2024              /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE